<hr/>

WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—January, 1887.

ORSER *v.* ORSER.

*In the matter of the judicial settlement of the account of* JANE ORSER, *as administratrix of the estate of* JOSEPH B. ORSER, *deceased.*

Where an accounting executor or administrator holds in his possession vouchers for payments made by him, under $20 in amount, the same should be produced and filed for the inspection of objectors. A refusal to pursue such a course upon demand would justify suspicion, and furnish the Surrogate sufficient reason for exercising the discretion conferred by Code Civ. Pro., § 2734, in refusing credit for the items concerned.

Metzger v. Metzger, 1 *Bradf.*, 265—compared.

THE administratrix filed an account of her proceedings, as such, together with vouchers for all sums paid out by her, amounting to twenty dollars and upwards. On the hearing, it appeared that she had in her possession vouchers for all sums paid out by her under twenty dollars in amount, aggregating about $300. These last mentioned vouchers the objectors insisted should be produced and filed, which the administratrix declined to do. Whereupon the court was appealed to, for an order directing their production for filing.

W. G. Valentine, *for administratrix.*

D. S. Herrick, *for Samuel Orser and others, next of kin.*

The Surrogate.—Under the R. S. (2 R. S., 92, §§ 54, 55), the executor or administrator was required to produce vouchers for *all* debts and legacies paid, and for all funeral charges, and just necessary expenses, which vouchers should be deposited and remain with the Surrogate, but he might be allowed any item of expenditure not exceeding twenty dollars, for which he produced no vouchers, if such item was supported positively, by his own oath, to the fact of payment, etc., but such allowances, in the whole, should not exceed $500. One would suppose that under the provisions of the fifty-fourth section, he was bound to produce all the vouchers he had, and that, under the fifty-fifth section, he might be allowed each of the items of twenty dollars or under, when supported by his own oath. Surrogate Bradford, in the case of Metzger v. Metzger (1 *Bradf.*, 265) did not pass upon the precise question here presented. There, it did not appear that the executor or administrator had vouchers for the payment of amounts of twenty dollars or under. It would seem that, under the fifty-fourth section, he should produce them, and that the next section was intended to shield him from loss, in case he had failed to obtain or preserve them. While the Code (§ 2734) consolidates the sections referred to, it does not seem to alter their effect. It provides that the " accounting party must produce and file a voucher for every payment made, except in one of the following cases: 1. He may be allowed, without a voucher, any proper item of expenditure, not exceeding twenty dollars, if

it is supported by his own uncontradicted oath," etc. The language employed shows that the allowance or rejection of such items is discretionary with the Surrogate. It appears, in this case, that the administratrix is not "without a voucher," for the several items of credit claimed. For that reason, I think they should be produced, in order that they may be scrutinized by the contestants. The statute requires the production of all the vouchers which the accounting party has, whether they be for amounts less or more than twenty dollars. Having them for the small amounts, and refusing to produce them when called for, would be a ground for suspicion and furnish the Surrogate sufficient reason, under the exercise of the discretion conferred, for their rejection. The contestants have a right to inspect them, and then to raise such objections to them, and the payments they vouch, as they may be advised. The vouchers must be produced and filed, or the administratrix must run the hazard of a disallowance of the items.

I have deemed it unnecessary to allude to the authority which the court has, under § 2538, and § 803, and subsequent sections of the Code, to compel the discovery of books and papers, as it has sufficient power in the premises, without resort to those provisions.